

In The

# Court of Appeals

## Seventh District of Texas at Amarillo

_____

No. 07-13-00289-CR
_____

TOMMIE MONTRAY THORTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 66,276-B; Honorable John Board, Presiding

March 5, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

In January 2013, Appellant, Tommie Montray Thorton, was indicted for intentionally, knowingly or recklessly causing bodily injury to Tori Thompson, a person with whom he had a dating relationship, by striking her. Because the indictment further alleged Thorton had previously been convicted of a similar offense against a member of

his family or household, the offense was punishable as a third degree felony.[1]  An enhancement paragraph also alleged he had been convicted of the felony offense of burglary of a habitation on March 9, 2009, making the offense punishable as a second degree felony.[2]  Following a trial to the bench, Appellant was found guilty, pled true to the enhancement, and sentenced to fifteen years confinement.  In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw.  We grant counsel's motion and, as modified, affirm the judgment.

MOTION TO WITHDRAW

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Anders v. California,* 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1987); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Thus, he concludes the appeal is frivolous.

Counsel candidly discusses why, under the controlling authorities, there is no error in the court's judgment.  *See High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  He also shows he sent a copy of his brief to Appellant and informed Appellant that, in his view, the appeal is without merit.  Counsel demonstrates he notified Appellant of his right to review the record and file a *pro se* response if he desired to do

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2014) .

[2] *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2014) .

[3] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967).

so.[4]  The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief.  Appellant did not file a response.  The State elected not to file a brief.

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal.  *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed.2d 300 (1988); *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We have found no such grounds.  After reviewing the record and counsel's brief, we agree with counsel that the appeal is frivolous.  *See Bledsoe v. State,* 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).

ATTORNEY'S FEES

In our review of the record, we noticed the judgment assessed court costs "per attached the Bill of Cost."  Attached to the judgment was a bill of cost prepared by the district clerk, charging Appellant "Attorney Fee(s)—Original Plea Agreement CCP 26.05 $1350.00."  Besides the fact this was a bench trial and not a plea-bargain,[5] there was no evidence of record indicating any change in Appellant's status as an indigent since being indicted.  To the contrary, for purposes of this appeal, the trial court found Appellant indigent and appointed counsel to represent him.  Because there is no evidence to support the assessment of attorney's fees, the judgment and bill of cost are modified to delete the requirement that Appellant pay $1,350.00 in court-appointed attorney's fees.  This order of reformation of the judgment and bill of cost extends to any

---

[4] *See Kelly v. State,* 436 S.W.3d 313 (Tex. Crim. App. 2014).

[5] *See Trial Court's Certification of Defendant's Right to Appeal.*

order to withdraw funds from Appellant's inmate account.  Accordingly, the district clerk is ordered to prepare an amended bill of cost and order to withdraw funds, if any.  *See Mayes v. State,* No. 07-13-00344-CR, 2014 Tex. App. LEXIS 12104, at *15-17 (Tex. App.—Amarillo Nov. 5, 2014, no pet.) (mem. op., not designated for publication).

Counsel's motion to withdraw is granted and the trial court's judgment is affirmed as modified.[6]

Patrick A. Pirtle
Justice

Do not publish.

---

[6] In granting counsel's motion to withdraw, however, we remind counsel of his "educational" duty to inform Appellant of this Court's decision and of his right to file a *pro se* petition for discretionary review in the Criminal Court of Appeals.  *Ex parte Owens,* 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006).